UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. POSEY,<br><br>Defendant. | Case No. MJ 07-5032<br><br>DETENTION ORDER |

THIS COURT conducted a detention hearing on February 28, 2007 pursuant to 18 U.S.C. §3142. The United States of America was represented by Michael Dion. The defendant was present and represented by his attorney, Erik Bauer. Also present was Sarah Cavendish, U.S. Pretrial Services Officer.

This Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and safety of any other person and the community. This finding is based on (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including those set forth in 18 U.S.C. §3142(g)(3)(A)(B); and (4) the nature and seriousness of the danger release would impose to any person or the community.

The parties proceeded at the hearing by way of proffer and argument. The court considered the following written documents: U.S. Pretrial Services Report and First Supplemental Report, Motion for Detention and Complaint for Violations.

Detention Order
Page - 1

The Government filed a Motion for Detention alleging the defendant was eligible for a detention order based on the following: felony offense involving possession or use of a firearm; serious risk of flight; and serious risk of obstruction of justice, including intimidation of a prospective witness or juror. The Government requested detention of the defendant based on risk of flight and safety of the community.

**FINDINGS OF FACT**

The Complaint alleges that the defendant committed the crime of Felon in Possession of a Firearm. The penalty for that crime is imprisonment for up to ten years, a $250,000 fine, three years supervised release and $100 special assessment. The Complaint notes that a loaded stolen gun and roughly $27,000 in cash was found in a black bag found under the headboard of the bed in the defendant's bedroom when the search warrant was executed on December 15, 2005.

Pursuant to the allegations contained in the complaint, Mr. Posey recently admitted facts supporting the charge contained in the Complaint. In addition, Rachel Lane, the mother of the defendant's child, has told investigators that the gun found in their bedroom during the search belonged to Mr. Posey. According to information contained in the Complaint, Mr. Posey refused to take responsibility for the gun because he would get more time due to his criminal history. While this Court recognizes that the 9th circuit has taken the position that the weight of evidence against the defendant is the least important of the factors, the possession of a gun raises great concerns regarding the safety of the community. This court also notes that Mr. Posey has a May 25, 2000 conviction of Unlawful Possession of a Firearm in the Second Degree.

Mr. Posey does have ties to this community. He has a child who lives in the area as well as several family members. He also has a serious criminal history which includes four prior drug related convictions and one pending drug related charge. He has May 25, 2000 convictions for Assault 2nd Degree, Taking a Motor Vehicle Without Owner's Permission and Unlawful Possession of a Firearm 2nd Degree. He was released from DOC custody July 12, 2004 and was on a year of supervision. The First Supplemental Pre-Trial Services Report notes that the defendant violated conditions while in work release but that the majority of his file was archived so it was difficult to determine the defendant's compliance with his conditions while on supervision.

Mr. Posey advised the Pre-Trial Services Officer that he had employment, prior to his arrest, as a

1  janitorial worker for three months at VIP Janitorial Services. He said this employment was through a
2  friend but he could not recall that friend's name. On the other hand, the defendant's present girlfriend,
3  with whom he has lived for the past 14 months, said that Mr. Posey has been unemployed for the past year.
4  When Mr. Posey was arrested officers found $1100 in the defendant's pocket as well as crack cocaine and
5  a digital scale. At the time the apartment was searched, officers found roughly $27,000 in the defendant's
6  bedroom. This clearly suggests income through other than lawful employment.

7  Mr. Posey told the Pre-Trial Services Officer that he used marijuana three months ago and prior to
8  this would use it two times weekly. His girlfriend said that the defendant does not use illicit substances.
9  Yet, when he was arrested crack cocaine was found on the defendant.

10  This court also notes that facts of Mr. Posey's May 25, 2000 conviction involved the defendant
11  shooting his gun at a citizen from whom the defendant had stolen a car and also involved an eluding of
12  police during a high speed chase.

13  While the Pre-Trial Services Officer recommended release with GPS monitoring, this court finds
14  that such a condition is not sufficient to ensure the appearance of the defendant or the safety of the
15  community. Mr. Posey has a history of failure to appear pursuant to court orders and has a prior unlawful
16  possession of a firearm. He obviously has income but not through lawful employment. GPS monitoring
17  would do little to protect the community. AUSA Michael Dion also expressed the government's concern
18  for the safety of its witnesses as the government believes the defendant is a member of the Hilltop Crips
19  Gang. While the defendant denies this, the court notes that the defendant was less than truthful when being
20  interviewed for purposes of this detention hearing.

21  For purposes of this hearing this court finds that this community and its members are at serious
22  risk and danger with regard to the defendant's alleged involvement in drugs and his alleged possession of a
23  firearm. Further his history of failing to appear for court raises serious concern about the defendant's
24  willingness to appear in court for this charge. This leads to the conclusion that the defendant must be
25  detained pending final resolution of this matter.

26  **ORDER OF DETENTION**

27  The defendant shall be committed to the custody of the Attorney General for confinement in a
28  corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being

1  held in custody pending appeal.

2      The defendant shall be afforded reasonable opportunity for private consultation with counsel.

3      The defendant shall on order of a court of the United States or on request of an attorney for the
4  Government, be delivered to a United States marshal for the purpose of an appearance in connection with a
5  court proceeding.

6      DATED this 1st day of March, 2007.

8          /s/ Karen L. Strombom
        Karen L. Strombom
9          U.S. Magistrate Judge